MARTIN HALL v. THE STATE.

No. 2750. Decided December 3, 1913.

1.—Statement of Facts—Misdemeanor—Filing.

Where the statement of facts in an appeal from a misdemeanor conviction was not filed within time, the same can not be considered on appeal.

2.—Same—Charge of Court—Different Offense.

Where the information alleged that defendant was concerned in keeping a disorderly house as the lessee or tenant and that some one else was the owner thereof, and the court authorized a conviction if defendant was the owner thereof, the same was reversible error.

Appeal from the County Court of Upshur. Tried below before the Hon. W. H. McClelland.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Warren & Briggs,* for appellant.—On question of court's charge on facts not alleged in the information: Ross v. State, 33 S. W. Rep., 972.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was tried at the May term of the County Court of Upshur County, and which adjourned on the 28th day of May. The statement of facts and bills of exceptions were not filed until the 30th day of July. This is a misdemeanor case in which appellant was prosecuted under an information which charged him with "keeping and being concerned in keeping a disorderly house, in a house leased, occupied and controlled by him, the said Martin Hall, and which said house was owned by Taylor Martin," etc.

Under all of our decisions the statement of facts or bills of exceptions can not be considered, nor made the basis for supporting the judgment any more than they can be considered in passing on the alleged errors, and while, if we could look to the statement of facts, the error complained of in the charge as a fundamental error, might be immaterial, in that it might appear there was no evidence that appellant was the owner of the house, yet, as we can not consider the statement of facts, we must presume the court submitted the law as applicable to the evidence, and under such circumstances, the charge of the court would authorize the conviction of appellant as owner of the house when the information charged that Taylor Martin was the owner. The court instructed the jury: "Before the State will be entitled to a conviction in this case it will be necessary for the jury to believe from the evidence, beyond a reasonable doubt, that defendant, Martin Hall, was the *owner,* lessee or tenant," etc. Again, in submitting the case specifically, the court instructed the jury: "If you believe from the evidence, beyond a reasonable doubt, that defendant was *the owner,* or lessee, or tenant, of a house," etc., he would be guilty.

It is thus seen that while the information charged that appellant was the lessee or tenant, and that Taylor Martin was the owner, yet the charge authorized his conviction if he and not Taylor Martin was the owner. The information could have charged that he was owner, lessee and tenant, but this it did not do, but specifically alleged ownership in another, and yet the charge authorized this conviction if he was the owner. He can not be charged with having committed an offense in one way, and be convicted of having committed it in another way. Under such circumstances, the case must be reversed and remanded.

*Reversed and remanded.*